1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11            Plaintiff,                 No. 2:11-cv-00967 MCE KJN PS

12        v.

13   APPROXIMATELY $658,830.00 IN
     U.S. CURRENCY,

14
              Defendant.                 <u>ORDER</u>
15   _____/

16            Presently before the court is plaintiff's (also referred to as the "government")

17   motion to strike the claim and answer filed in this civil forfeiture action by claimant Robert D.

18   Gibson.  Mr. Gibson is proceeding without counsel and is incarcerated at the Salinas Valley State

19   Prison (Dkt. No. 45).[1]  Because Mr. Gibson is incarcerated, this matter was submitted on the

20   briefs and record in the case (Order, July 15, 2011, at 1, Dkt. No. 51).  <u>See also</u> E. Dist. Local

21   Rule 230(*l*).

22            The government filed its motion pursuant to Rule G(8)(c)(i)(A) of the

23   Supplemental Rules of Admiralty Or Maritime Claims and Asset Forfeiture Actions

24   ("Supplemental Rules"), and seeks an order striking Mr. Gibson's claim and answer on the

25   _____

26        [1]  This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rules 302(c)(3) and (c)(21), and 28 U.S.C. § 636(b)(1).

                                             1

grounds that Mr. Gibson failed to respond to special interrogatories served on him by the

government pursuant to Supplemental Rule G(6)(a).  Alternatively, the government seeks an

order compelling Mr. Gibson to respond to the government's special interrogatories within ten

days and staying the government's obligation to respond to discovery requests served on it by

Mr. Gibson.  (Pl.'s Memo. of P. & A. In Supp. of Mot. to Strike ("Pl.'s Memo.") at 7, Dkt. No.

45, Doc. No. 45-1.)  Mr. Gibson filed two written oppositions to the motion to strike (Dkt.

No. 50, 54), and the government filed a reply brief (Dkt. No. 56) consistent with the court

ordered briefing schedule (Order, July 15, 2011, at 2).  The undersigned has considered the

parties' briefs and the appropriate portions of the record in this case and, for the reasons stated

below, grants plaintiff's motion in part and denies it in part.  The undersigned does not strike Mr.

Gibson's claim and answer at this time, but orders Mr. Gibson to serve responses to the

government's special interrogatories within 21 days of service of this order.  The undersigned

also stays the government's obligation to respond to Mr. Gibson's discovery requests—to the

extent no responses have been served—until 21 days after Mr. Gibson serves the government

with responses to the government's special interrogatories.[2]

        Also pending before the court are: (1) eight post-answer motions to dismiss filed

by Mr. Gibson (Dkt. Nos. 18, 23, 30, 37, 47, 48, 52, 70); and (2) four motions to suppress

evidence (Dkt. Nos. 49, 53, 57, 66).  The undersigned denies these motions for the reasons stated

below.  However, such denials are without prejudice, and Mr. Gibson may subsequently file *a*

*single* motion to dismiss and *a single* motion to suppress as appropriate under the Federal Rules

of Civil Procedure, the Supplemental Rules, and the court's Local Rules.

////

---

        [2] The government notes that it served Mr. Gibson with objections to Mr. Gibson's discovery requests on June 29, 2011.  (Pl.'s Memo. at 7 n.3.)  The undersigned declines to grant the government an open-ended stay in regards to the subject discovery requests.  To the extent that the government seeks more permanent relief, it should consider filing an appropriate motion for such relief, such as a protective order, rather than including such a request in a motion to strike.

I.   <u>BACKGROUND</u>

On April 11, 2011, the government filed its Verified Complaint For Forfeiture *In Rem* (Dkt. No. 1).  The particular facts pertaining to the seizure of the res at issue, i.e., approximately $658,830 in U.S. currency that is presently in the custody of the U.S. Marshals Service, are not central to the pending motion to strike and are therefore not recounted with great detail here.  In short, the government alleges that "[o]n October 8, 2010, Special Agent Brian Fichtner ("Fichtner") of the California Department of Justice, Bureau of Narcotic Enforcement, responded to a call from the United Parcel Service ("UPS") shipping facility located at 1380 Shore Street, West Sacramento, California reporting that a shipping package then being audited was found to contain a large amount of U.S. Currency."  (Verified Compl. ¶ 5.)  It further alleges that the listed return address was for "Josh Howell" in Sacramento, California, and that the mailing address was for "Jeff Howell" in Charlotte, North Carolina.  (<u>Id.</u> ¶ 6.)  The government alleges that Fichtner, posing as a UPS employee, spoke to persons named Jason Howell and Jeff Howell on the telephone, but law enforcement was ultimately unable to locate persons named Josh, Jason, or Jeff Howell.  (<u>See</u> <u>id.</u> ¶¶ 10-11.)

On April 21, 2011, Mr. Gibson filed a claim in rem and answer, asserting that he is the owner of the currency seized on October 8, 2011.  (<u>See</u> Claim & Answer, Dkt. No. 10).  On May 11, 2011, Mr. Gibson filed a supplement to his claim in rem, again representing that he is the owner of the res seized on October 8, 2011.  (Suppl. Claim, Dkt. No. 17).  The undersigned refers to Mr. Gibson's filings generally as Mr. Gibson's claim and answer.  Mr. Gibson appears to be the only claimant to date.

On or about May 20, 2011, the government mailed its First Set of Rule G(6) Special Interrogatories to Mr. Gibson at Salinas Valley State Prison.  (Teglia Decl. ¶ 4 & Ex. B, Dkt. No. 45, Doc. No. 45-2.)  The special interrogatories advised Mr. Gibson that his responses to the 18 special interrogatories were due within 21 days of receipt of the interrogatories.  (<u>Id.</u> ¶ 4 & Ex. B at 1.)  The government represents that Mr. Gibson has not served responses to the

3

1    special interrogatories on the government as of the date it filed its reply brief in support of the

2    pending motion to strike.  (Reply Br. at 3; see also Teglia Decl. ¶ 5.)

3    II.    DISCUSSION

4          A.    The Government's Motion to Strike

5                The government's motion to strike Mr. Gibson's claim and answer is premised on

6    Mr. Gibson's failure to respond to special interrogatories propounded by the government after

7    Mr. Gibson filed his claim and answer.  The undersigned concludes that although the government

8    has stated a permissible basis for striking Mr. Gibson's claim and answer pursuant to

9    Supplemental Rule G, it would be more prudent to permit Mr. Gibson to promptly serve

10   responses to the government's interrogatories in order to cure the present deficiency.

11               Supplemental Rule G was adopted in 2006 "to bring together the central

12   procedures that govern civil forfeiture actions."  See Suppl.  Rule G advisory committee notes to

13   2006 adoption; accord United States v. Real Property Located at 1 Mile Up Hennessey Road,

14   Burnt Ranch, Cal., No. 2:09-cv-1940 GEB KJM, 2010 WL 456922, at *2 n.1 (E.D. Cal. Feb. 3,

15   2011) (unpublished).  Supplemental Rule G(1) provides that "[t]o the extent that [Supplemental

16   Rule G] does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil

17   Procedure also apply."  See also Suppl. Rule A(2) (providing that with respect to actions

18   including forfeiture actions in rem arising from a federal statute, "[t]he Federal Rules of Civil

19   Procedure also apply . . . except to the extent that they are inconsistent with these Supplemental

20   Rules").

21               Supplemental Rule G(6)(a) authorizes the government to serve limited special

22   interrogatories on a claimant, and provides:

23               The government may serve special interrogatories limited to the claimant's
                 identity and relationship to the defendant property *without the court's*
24               *leave at any time after the claim is filed* and before discovery is closed.
                 But if the claimant serves a motion to dismiss the action, the government
25               must serve the interrogatories within 21 days after the motion is served.

26   Supplemental Rule G(6)(a) (emphasis added).  In regards to the claimant's obligation to respond

4

1   to such special interrogatories, Supplemental Rule G(6)(b) provides that "[a]nswers or objections

2   to these interrogatories must be served within 21 days after the interrogatories are served."[3]

3         A claimant is subject to consequences for failing to timely respond to special

4   interrogatories served pursuant to Supplemental Rule G(6).  Relevant here, Supplemental

5   Rule G(8)(c)(i)(A) permits the government to move to strike a claimant's claim or answer for the

6   claimant's failure to comply with Supplemental Rule G(6).  And such a motion to strike "must be

7   decided before any motion by the claimant to dismiss the action."  Suppl. Rule G(8)(c)(ii)(A).

8         Here, the government mailed Supplemental Rule G(6) special interrogatories to

9   Mr. Gibson on May 20, 2011, and Mr. Gibson's responses were due no later than June 13, 2011.

10  Consistent with Supplemental Rule G(6)(a), the government served the interrogatories "without

11  the court's leave at any time after the claim is filed and before discovery is closed."[4]  The

12  government represents that it still has not been served with responses to its special interrogatories

13  from Mr. Gibson.  This failure violates Supplemental Rule G(6).  Accordingly, pursuant to

14  Supplemental Rule G(8)(c)(i)(A), Mr. Gibson's claim and answer are subject to being stricken.

15        Although the undersigned could recommend that Mr. Gibson's claim and answer

16  be stricken, it would be more prudent to permit Mr. Gibson to conform his conduct to the

17  requirements of Supplemental Rule G(6).  The Advisory Committee Notes to the 2006 adoption

18  of Supplemental Rule G, subdivision (8), state that "[n]ot every failure to respond to subdivision

19  (6) interrogatories warrants an order striking the claim."  Under the circumstances of this case,

20  including that Mr. Gibson is proceeding without counsel, the undersigned concludes that striking

21

22      [3] Supplemental Rule G(6)(c) provides that the "government need not respond to a claimant's
    motion to dismiss the action under Rule G(8)(b) until 21 days after the claimant has answered these
23  interrogatories."

24      [4] The undersigned rejects Mr. Gibson's apparent argument that the government could not
    permissibly serve the interrogatories prior to entry of a scheduling order pursuant to Federal Rule
25  of Civil Procedure 16.  The plain language of Supplemental Rule G(6), which specifically addresses
    forfeiture actions, provides that the government was entitled to serve the interrogatories at *any* time
26  after the filing of the claim and without leave of court.

1    Mr. Gibson's claim and answer at this time is not warranted.  Instead, Mr. Gibson is granted

2    leave to serve responses to the government's special interrogatories within 21 days of service of

3    this order on Mr. Gibson.

4            If Mr. Gibson fails to timely respond to the special interrogatories, the government

5    may file another motion to strike pursuant to Supplemental Rule G(8)(c)(i)(A).  If such a

6    circumstance arises and the government is forced to file a second motion to strike, the

7    undersigned will recommend that the motion to strike be granted.

8            B.    Mr. Gibson's Motions to Dismiss

9            As noted above, Mr. Gibson filed an answer and claim to the government's

10   verified complaint on April 21, 2011.  On May 11, 2011, he filed a motion to dismiss the

11   government's complaint, and he subsequently re-noticed, re-filed, or amended that motion on

12   May 16, 2011; May 24, 2011; June 8, 2011; July 5, 2011 (twice); July 15, 2011; and

13   September 1, 2011 (Dkt. Nos. 18, 23, 30, 37, 47, 48, 52, 70).

14           Supplemental Rule G(8)(c)(ii)(A) provides that a motion to strike a claim or

15   answer "must be decided before any motion by the claimant to dismiss the action."  In light of

16   Supplemental Rule G(8)(c)(ii)(A), and because Mr. Gibson's interrogatory responses may shed

17   light on whether he has standing to challenge the forfeiture on the merits,[5] the undersigned denies

18   Mr. Gibson's motions to dismiss without prejudice as prematurely filed.  As a matter of judicial

19   efficiency, Mr. Gibson will be permitted to file *one* motion to dismiss only *after* he serves

20   responses to the government's special interrogatories.

21   ////

22

---

23        [5]  Standing is a prerequisite to challenging a forfeiture action on the merits.  See Suppl. Rule
     G(8)(b) ("A claimant who establishes standing to contest forfeiture may move to dismiss the action
24   under Rule 12(b)."); see also Suppl. Rule G advisory committee notes to 2006 adoption, subdiv. (8)
     (stating that "[a] claimant who lacks standing is not entitled to challenge the forfeiture on the
25   merits"); accord United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1148 (9th Cir. 1989)
     ("We require proper standing to contest a forfeiture both as a statutory matter and as an Article III
26   and prudential requirement.").

1       C.   Mr. Gibson's Motions to Suppress

2           Finally, the undersigned addresses four motions to suppress evidence filed by Mr.

3   Gibson (Dkt. Nos. 49, 53, 57, 66).  Supplemental Rule G(8) permits the filing of a motion to

4   suppress use of the property as evidence under certain conditions.  In pertinent part,

5   Supplemental Rule G(8)(a) provides: "If the defendant property was seized, a party with standing

6   to contest the lawfulness of the seizure may move to suppress use of the property as evidence."[6]

7           Supplemental Rule G(8)(a) does not place any express timing requirements on the

8   filing of a motion to suppress in a civil forfeiture action.  However, Mr. Gibson's filing of four

9   motions to suppress has rendered unduly complicated the process of resolving his request for

10  relief in the form of suppression of evidence.  Accordingly, the undersigned denies Mr. Gibson's

11  pending motions to suppress, but without prejudice to the filing of *a single* motion to suppress

12  that presents Mr. Gibson's legal and factual bases for the requested relief.  If Mr. Gibson files a

13  motion to suppress, he shall specifically address his standing to seek suppression of evidence.

14  Additionally, because Mr. Gibson is incarcerated and proceeding without an attorney, the

15  briefing of any such motion shall proceed in accordance with this court's Local Rule 230(*l*),[7] and

16

17      [6]  The advisory committee notes to the 2006 adoption of Supplemental Rule G(8)(a) state:

18          Standing to suppress use of seized property as evidence is governed by
            principles distinct from the principles that govern claim standing.  A claimant
19          with standing to contest forfeiture may not have standing to seek suppression.
            Rule G does not itself create a basis of suppression standing that does not
20          otherwise exist.

21  Although not necessarily dispositive of whether Mr. Gibson has standing to bring a motion
    to suppress pursuant to Supplemental Rule G(8)(a), the undersigned notes that, for example,
22  "[t]o claim the protections of the Fourth Amendment, defendants must demonstrate that they
    had an expectation of privacy in the property searched and that their expectation was
23  reasonable."  United States v. Reyes-Bosque, 596 F.3d 1017, 1026 (9th Cir. 2010); accord
    United States v. Lozano, 623 F.3d 1055, 1062-63 (9th Cir. 2010) (O'Scannlain, J., specially
24  concurring).

25      [7]  Local Rule 230(*l*) provides:

26          **Motions in Prisoner Actions.**  All motions, except motions to dismiss for

1  such a motion need not be noticed on the undersigned's law and motion calendar.[8]

2  III.    <u>CONCLUSION</u>

3          For the foregoing reasons, IT IS HEREBY ORDERED that:

4          1.      Plaintiff's motion to strike the claim and answer of claimant Robert D.

5  Gibson (Dkt. No. 45) is granted in part and denied in part.  Mr. Gibson's claim and answer are

6  not stricken.  However, Mr. Gibson shall respond to plaintiff's special interrogatories within 21

7  days of service of this order.  The government shall file a status update within 45 days of the date

8  of this order notifying the court whether Mr. Gibson responded to the interrogatories.

9          2.      The government's obligation to respond to Mr. Gibson's pending

10 discovery requests is stayed until 21 days after Mr. Gibson serves the government with responses

11 to the government's special interrogatories.

12         3.      Claimant Robert D. Gibson's motions to dismiss (Dkt. Nos. 18, 23, 30, 37,

13 47, 48, 52, 70) are denied without prejudice.

14 ////

15 ////

16 _____

17         lack of prosecution, filed in actions wherein one party is incarcerated and
          proceeding <u>in propria persona</u>, shall be submitted upon the record without
18        oral argument unless otherwise ordered by the Court.  Such motions need not
          be noticed on the motion calendar.  Opposition, if any, to the granting of the
19        motion shall be served and filed by the responding party not more than
          twenty-one (21),days after the date of service of the motion.  A responding
20        party who has no opposition to the granting of the motion shall serve and file
          a statement to that effect, specifically designating the motion in question.
21        Failure of the responding party to file an opposition or to file a statement of
          no opposition may be deemed a waiver of any opposition to the granting of
22        the motion and may result in the imposition of sanctions.  The moving party
          may, not more than seven (7) days after the opposition is served, serve and
23        file a reply to the opposition.  All such motions will be deemed submitted
          twenty-eight (28) days after the service of the motion or when the reply is
24        filed, whichever comes first.  <u>See</u> L.R. 135.

25         [8] To date, the government has not responded to any of Mr. Gibson's previously filed motions
   to suppress.  The government's continued choice not to respond at all to any forthcoming motion to
26 suppress filed in this case shall be at its own peril.

8

1        4.       Claimant Robert D. Gibson's motions to suppress (Dkt. Nos. 49, 53, 57,

2   66) are denied without prejudice.

3             IT IS SO ORDERED.

4   DATED:  October 31, 2011

5

6                                        _____

7                                        KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26