IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                         No. 2:11-cv-00967 MCE KJN PS

    v.

APPROXIMATELY $658,830.00 IN
U.S. CURRENCY,

    Defendant.                 ORDER
_____/

Presently pending before the court in this forfeiture action are several motions filed by plaintiff or an incarcerated claimant, Robert D. Gibson.[1] These motions include Gibson's motion to suppress evidence and motion to dismiss, filed on January 17, 2012, and January 19, 2012, respectively (Dkt. Nos. 75-76). Plaintiff's written opposition to the motion to suppress, or statement of non-opposition, is due on or before February 7, 2012. See E. Dist. Local Rule 230(*l*). Its written opposition to the motion to dismiss, or statement of non-opposition, is due on or before February 9, 2012. Id.

On Saturday, February 4, 2012, plaintiff filed two motions: (1) a motion to stay resolution of Gibson's motion to dismiss and motion to suppress pending resolution of plaintiff's

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rules 302(c)(3) and (c)(21), and 28 U.S.C. § 636(b)(1).

motion to strike Gibson's claim and answer (Dkt. No. 77); and (2) a motion to strike Gibson's claim and answer and alternative motion for summary judgment (Dkt. No. 78). Plaintiff argues in its motion to stay that its motion to strike, which raises jurisdictional questions of statutory and constitutional standing, should be heard prior to resolving Gibson's pending motions to suppress and dismiss.[2] On February 6, 2012, plaintiff filed an ex parte application seeking resolution of its motion on shortened time (Dkt. No. 80).

In short, the undersigned agrees with plaintiff that because its motion to strike raises questions of jurisdiction and standing, the court should resolve the motion to strike before ruling on Gibson's motion to suppress and motion to dismiss. Accordingly, the undersigned provisionally grants plaintiff's motion to stay and temporarily suspends plaintiff's obligation to file written oppositions or statements of non-opposition to Gibson's motions. However, Gibson is entitled to be heard in opposition to plaintiff's motion to stay, and he shall be provided with an opportunity to file a written opposition or statement of non-opposition to the motion to stay.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay resolution of claimant Robert D. Gibson's motion to suppress and motion to dismiss is provisionally granted, and plaintiff's obligation to file oppositions or statements of non-opposition to Gibson's motion to dismiss and motion to suppress is stayed.

2. Gibson shall file a written opposition to the motion to stay, or a statement of non-opposition, within 21 days of the entry of this order. Plaintiff may, but is not required to, file a reply brief within seven days after Gibson files his objection, if any. However, the court may resolve the motion to stay prior to the filing of such a reply brief.

3. The court shall enter a briefing schedule on the various motions following

---

[2] Additionally, the relevant procedural rules require that the government's motion to strike be resolved prior to resolving a claimant's motion to dismiss. See Rule G(8)(c)(ii)(A) of the Supplemental Rules of Admiralty Or Maritime Claims and Asset Forfeiture Actions.

1  final resolution of the motion to stay.
2       4.   The Clerk of Court is directed to serve a copy of this order on the litigation
3  coordinator at Salinas Valley State Prison, P.O. Box 1020, Soledad, CA 93960, to ensure timely
4  delivery to prisoner Robert D. Gibson, #E-09929.
5       IT IS SO ORDERED.
6  DATED:  February 6, 2012

         _____
         KENDALL J. NEWMAN
         UNITED STATES MAGISTRATE JUDGE