IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,                        No. 2:11-cv-00967 MCE KJN PS

      v.

APPROXIMATELY $658,830.00 IN
U.S. CURRENCY,

      Defendant.                  ORDER
_____/

        Presently before the court is plaintiff's (the "government") Motion To Strike Claim And Answer For Failure To Comply With Supp Rules G(5) And G(6); Alternatively, For Summary Judgment ("Motion") filed in this civil forfeiture action by claimant Robert D. Gibson. (Dkt. No. 77.)[1] Mr. Gibson is proceeding without counsel and is incarcerated at the Salinas Valley State Prison.

        The government filed its motion pursuant to Rule G(8)(c)(i)(B) of the Supplemental Rules of Admiralty Or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), and requests that this court strike Mr. Gibson's claim and answer, and enter summary judgment for the government on the ground that Mr. Gibson lacks standing.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rules 302(c)(3) and (c)(21), and 28 U.S.C. § 636(b)(1).

1

(Memo. In Supp. of Mot. to Strike ("Pl.'s Memo.") at 1, Dkt. No. 77, Doc. No. 77-1.)  Mr. Gibson has filed two written oppositions to the government's Motion.  (("Oppositions"), Dkt. Nos. 86, 88.)  For the reasons discussed below, the undersigned concludes that it would not be prudent for the court to decide the government's Motion until Mr. Gibson files a *single* amended opposition, which must conform to the requirements described herein.

I.      BACKGROUND

On April 11, 2011, the government filed its Verified Complaint For Forfeiture *In Rem* (Dkt. No. 1).  The particular facts pertaining to the seizure of the res at issue, i.e., approximately $658,830 in U.S. currency that is presently in the custody of the U.S. Marshals Service, are not central to the pending motion to strike and are therefore not recounted with great detail here.  In short, the government alleges that "[o]n October 8, 2010, Special Agent Brian Fichtner ("Fichtner") of the California Department of Justice, Bureau of Narcotic Enforcement, responded to a call from the United Parcel Service ("UPS") shipping facility located at 1380 Shore Street, West Sacramento, California reporting that a shipping package then being audited was found to contain a large amount of U.S. Currency."  (Verified Compl. ¶ 5.)  It further alleges that the listed return address was for "Josh Howell" in Sacramento, California, and that the mailing address was for "Jeff Howell" in Charlotte, North Carolina.  (Id. ¶ 6.)  The government alleges that Fichtner, posing as a UPS employee, spoke to persons named Jason Howell and Jeff Howell on the telephone, but law enforcement was ultimately unable to locate persons named Josh, Jason, or Jeff Howell.  (See id. ¶¶ 10-11.)

On April 21, 2011, Mr. Gibson filed a claim in rem and answer, asserting that he is the owner of the currency seized on October 8, 2011.  (See Claim & Answer, Dkt. No. 10).  On May 11, 2011, Mr. Gibson filed a supplement to his claim in rem, again representing that he is the owner of the res seized on October 8, 2011.  (Suppl. Claim, Dkt. No. 17).  The undersigned refers to Mr. Gibson's filings collectively as Mr. Gibson's claim and answer.  Mr. Gibson appears to be the only claimant to date.

1   On February 4, 2012, the government filed the instant Motion, asserting this court
2   should strike Mr. Gibson's claim and answer on the ground he lacks standing. (Dkt. No. 77.)  On
3   February 23 and March 1, 2012, Mr. Gibson filed two written Oppositions to the government's
4   Motion.  (Dkt. Nos. 86, 88.)

## II. ANALYSIS

Under the Local Rules of Practice for the United States District Court, Eastern District of California Rule 260(b), when a motion for summary judgment is filed, the nonmoving party–in this case, Mr. Gibson–must file an opposition that includes a reproduction of the Statement of Undisputed Facts filed by the movant–in this case, the government–and either admit or deny each fact with a citation to evidence that supports any such denials.  Specifically, Local Rule 260(b) states:

> **Opposition.** Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. See L.R. 133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

L.R. 260(b); Fed. R. Civ. P. 56.

Failure to comply with Local Rule 260(b) is sufficient grounds for the court to grant a motion for summary judgment.  However, because Mr. Gibson is incarcerated and proceeding without counsel, he is entitled to fair notice of the requirements of the summary judgment rule prior to this court entering summary judgment against him.  Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).  Accordingly, the undersigned concludes that striking Mr. Gibson's

1  claim and answer at this time is not warranted.  Instead, Mr. Gibson is granted leave to file a
2  *single* amended opposition to the government's motion for summary judgment within 21 days of
3  service of this order on Mr. Gibson.

**In his amended opposition, Mr. Gibson shall reproduce the itemized facts in the government's Statement of Undisputed Facts (Dkt. No. 77, Doc. 77-2) and admit those facts that are undisputed and deny those that he disputes, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document he relies upon in support of that denial.**  Mr. Gibson may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication.  Further, Mr. Gibson has a right to file counter-affidavits or other documentary evidence along with his amended opposition.

**Failure to comply with this order may result in the court taking the government's evidence as the truth and entering summary judgment for the government, which will strike Mr. Gibson's claim and terminate completely his involvement in this civil forfeiture action.**

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Mr. Gibson shall file a *single* amended opposition to the government's Motion within 21 days of service of this order. Plaintiff may, but is not required to, file a reply brief within seven days after Gibson files his amended opposition.

IT IS SO ORDERED.

DATED:  May 23, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE