1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,

11               Plaintiff,                    No. 2:11-cv-00967 MCE KJN PS

12       v.

13  APPROXIMATELY $658,830.00 IN
    U.S. CURRENCY,
14
                 Defendant.              ORDER
15  _____/

16          Presently before the court is plaintiff's (the "government") Motion To Strike

17  Claim And Answer For Failure To Comply With Supp Rules G(5) And G(6); Alternatively, For

18  Summary Judgment ("Motion") filed in this civil forfeiture action by claimant Robert D. Gibson.

19  (Dkt. No. 77.)[1] Mr. Gibson is proceeding without counsel and is incarcerated at the Salinas

20  Valley State Prison.

21          The government filed its motion pursuant to Rule G(8)(c)(i)(B) of the

22  Supplemental Rules of Admiralty Or Maritime Claims and Asset Forfeiture Actions

23  ("Supplemental Rules"), and requests that this court strike Mr. Gibson's claim and answer, and

24  enter summary judgment for the government on the ground that Mr. Gibson lacks standing.

25  _____

26          [1]  This case proceeds before the undersigned pursuant to Eastern District of California Local
    Rules 302(c)(3) and (c)(21), and 28 U.S.C. § 636(b)(1).

1

1    (Memo. In Supp. of Mot. to Strike ("Pl.'s Memo.") at 1, Dkt. No. 77, Doc. No. 77-1.)  Mr.

2    Gibson has filed two written oppositions to the government's Motion.  (("Oppositions"), Dkt.

3    Nos. 86, 88.)  For the reasons discussed below, the undersigned concludes that it would not be

4    prudent for the court to decide the government's Motion until Mr. Gibson files a *single* amended

5    opposition, which must conform to the requirements described herein.

6    I.       BACKGROUND

7              On April 11, 2011, the government filed its Verified Complaint For Forfeiture *In*

8    *Rem* (Dkt. No. 1).  The particular facts pertaining to the seizure of the res at issue, i.e.,

9    approximately $658,830 in U.S. currency that is presently in the custody of the U.S. Marshals

10   Service, are not central to the pending motion to strike and are therefore not recounted with great

11   detail here.  In short, the government alleges that "[o]n October 8, 2010, Special Agent Brian

12   Fichtner ("Fichtner") of the California Department of Justice, Bureau of Narcotic Enforcement,

13   responded to a call from the United Parcel Service ("UPS") shipping facility located at 1380

14   Shore Street, West Sacramento, California reporting that a shipping package then being audited

15   was found to contain a large amount of U.S. Currency."  (Verified Compl. ¶ 5.)  It further alleges

16   that the listed return address was for "Josh Howell" in Sacramento, California, and that the

17   mailing address was for "Jeff Howell" in Charlotte, North Carolina.  (Id. ¶ 6.)  The government

18   alleges that Fichtner, posing as a UPS employee, spoke to persons named Jason Howell and Jeff

19   Howell on the telephone, but law enforcement was ultimately unable to locate persons named

20   Josh, Jason, or Jeff Howell.  (See id. ¶¶ 10-11.)

21             On April 21, 2011, Mr. Gibson filed a claim in rem and answer, asserting that he

22   is the owner of the currency seized on October 8, 2011.  (See Claim & Answer, Dkt. No. 10).  On

23   May 11, 2011, Mr. Gibson filed a supplement to his claim in rem, again representing that he is

24   the owner of the res seized on October 8, 2011.  (Suppl. Claim, Dkt. No. 17).  The undersigned

25   refers to Mr. Gibson's filings collectively as Mr. Gibson's claim and answer.  Mr. Gibson

26   appears to be the only claimant to date.

2

1    On February 4, 2012, the government filed the instant Motion, asserting this court

2  should strike Mr. Gibson's claim and answer on the ground he lacks standing.  (Dkt. No. 77.)  On

3  February 23 and March 1, 2012, Mr. Gibson filed two written Oppositions to the government's

4  Motion.  (Dkt. Nos. 86, 88.)

5  II.    ANALYSIS

6    Under the Local Rules of Practice for the United States District Court, Eastern

7  District of California Rule 260(b), when a motion for summary judgment is filed, the nonmoving

8  party–in this case, Mr. Gibson–must file an opposition that includes a reproduction of the

9  Statement of Undisputed Facts filed by the movant–in this case, the government–and either admit

10  or deny each fact with a citation to evidence that supports any such denials.  Specifically, Local

11  Rule 260(b) states:

12          **Opposition.** Any party opposing a motion for summary judgment or
           summary adjudication shall reproduce the itemized facts in the
13          Statement of Undisputed Facts and admit those facts that are
           undisputed and deny those that are disputed, including with each
14          denial a citation to the particular portions of any pleading, affidavit,
           deposition, interrogatory answer, admission, or other document
15          relied upon in support of that denial. The opposing party may also
           file a concise "Statement of Disputed Facts," and the source thereof
16          in the record, of all additional material facts as to which there is a
           genuine issue precluding summary judgment or adjudication. The
17          opposing party shall be responsible for the filing of all evidentiary
           documents cited in the opposing papers. See L.R. 133(j). If a need
18          for discovery is asserted as a basis for denial of the motion, the party
           opposing the motion shall provide a specification of the particular
19          facts on which discovery is to be had or the issues on which
           discovery is necessary.

20

21  L.R. 260(b); Fed. R. Civ. P. 56.

22    Failure to comply with Local Rule 260(b) is sufficient grounds for the court to

23  grant a motion for summary judgment.  However, because Mr. Gibson is incarcerated and

24  proceeding without counsel, he is entitled to fair notice of the requirements of the summary

25  judgment rule prior to this court entering summary judgment against him.  Rand v. Rowland, 154

26  F.3d 952 (9th Cir. 1998).  Accordingly, the undersigned concludes that striking Mr. Gibson's

1   claim and answer at this time is not warranted.  Instead, Mr. Gibson is granted leave to file a

2   *single* amended opposition to the government's motion for summary judgment within 21 days of

3   service of this order on Mr. Gibson.

4           **In his amended opposition, Mr. Gibson shall reproduce the itemized facts in**

5   **the government's Statement of Undisputed Facts (Dkt. No. 77, Doc. 77-2) and admit those**

6   **facts that are undisputed and deny those that he disputes, including with each denial a**

7   **citation to the particular portions of any pleading, affidavit, deposition, interrogatory**

8   **answer, admission, or other document he relies upon in support of that denial.**  Mr. Gibson

9   may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all

10  additional material facts as to which there is a genuine issue precluding summary judgment or

11  adjudication.  Further, Mr. Gibson has a right to file counter-affidavits or other documentary

12  evidence along with his amended opposition.

13          **Failure to comply with this order may result in the court taking the**

14  **government's evidence as the truth and entering summary judgment for the government,**

15  **which will strike Mr. Gibson's claim and terminate completely his involvement in this civil**

16  **forfeiture action.**

17  III.   <u>CONCLUSION</u>

18          For the foregoing reasons, IT IS HEREBY ORDERED that Mr. Gibson shall file a

19  *single* amended opposition to the government's Motion within 21 days of service of this order.

20  Plaintiff may, but is not required to, file a reply brief within seven days after Gibson files his

21  amended opposition.

22          IT IS SO ORDERED.

23  DATED:  May 23, 2012

24

25  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

26