IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

APPROXIMATELY $658,830.00 IN
U.S. CURRENCY,

      Defendant.

No. 2:11-cv-00967 MCE KJN PS

<u>ORDER</u>

/

      Presently pending before the court in this forfeiture action are several motions filed by claimant Robert D. Gibson. (Dkt. Nos. 64, 65, 67, 68, 69, 75, 76, 83, 87, and 91.)[1] Mr. Gibson is proceeding without counsel and is incarcerated at the Salinas Valley State Prison. Each of Mr. Gibson's motions is addressed below.

I.    Motion for Relief From Default

      On August 18, 2011, the court entered default judgment as to claimant Jeff Howell on the ground Mr. Howell had "failed to appear, plead or answer Plaintiff's complaint within the time allowed by law."

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rules 302(c)(3) and (c)(21), and 28 U.S.C. § 636(b)(1).

1

1   On September 1, 2011, Mr. Gibson filed a "Motion for Relief From Default
2  (Errant) "Jeff Howell" aka; Robert D. Gibson, Declaration pursuant to F.R.C.P. #55(c) and
3  #60(b)."  (Dkt. No. 64.)  In his motion, Mr. Gibson asserts that "Jeff Howell" is "not a true name
4  but an acronym created by myself, and used in speaking with authorities."  (Dkt. No. 64 at 1.)
5  Mr. Gibson requests the court not enter a judgment of default on the basis that he and "Jeff
6  Howell" are one and the same individual.

7   Mr. Gibson may not file a claim against the property under a false name.
8  Furthermore, Mr. Gibson does not need a second identity in order to pursue a claim on his own
9  behalf in this case.  Accordingly, Mr. Gibson's motion for relief from default (Dkt. No. 64) is
10 DENIED.

11 II.   Motions to Dismiss

12   On September 1, 2011, and January 19, 2012, Mr. Gibson moved for the dismissal
13 of this action for failure to state a claim and "failure to state the circumstances with such
14 particularity."  (Dkt. Nos. 67, 76.)

15   Supplemental Rule G(8)(c)(ii)(A) provides that a motion to strike a claim or
16 answer "must be decided before any motion by the claimant to dismiss the action."  In light of
17 Supplemental Rule G(8)(c)(ii)(A), and because a challenge to Mr. Gibson's standing is currently
18 pending before this court the government's Motion To Strike Claim And Answer For Failure To
19 Comply With Supp Rules G(5) And G(6); Alternatively, For Summary Judgment ("Motion for
20 Summary Judgment"), (Dkt. No. 77),[2] the undersigned DENIES Mr. Gibson's motions to dismiss
21 (Dkt. Nos. 67, 76) without prejudice as prematurely filed.  As a matter of judicial efficiency, Mr.
22 Gibson will be permitted to file a *single* motion to dismiss only *after* this court has decided the
23 government's Motion for Summary Judgment.
24 ////

---

[2] The government's Motion for Summary Judgment, which challenges Mr. Gibson's standing, is not yet fully briefed.

In light of Mr. Gibson's proclivity for filing multiple version of the same motion in this case, the court wishes to clarify that any motion to dismiss Mr. Gibson files prior to this court filing its decision in the government's Motion for Summary Judgment will be summarily denied without prejudice to refiling at the correct time.  Furthermore, the first motion to dismiss, if any, filed by Mr. Gibson after this court reaches its decision in the government's Motion for Summary Judgment will be the *only* such motion to dismiss this court will consider; any further filings of motions to dismiss by Mr. Gibson thereafter will be summarily denied.

III.   Request for Order on Local Rule 230

On May 18, 2011, this court vacated Mr. Gibson's two Motions to Dismiss (Dkt. Nos. 18, 23) and two Motions to Enjoin Third Party Counterclaim (Dkt. Nos. 19, 20) with directions to renotice the motion in compliance with Local Rule 230(a). (Dkt. No. 24.)  On September 1, 2011, Mr. Gibson filed a motion entitled "Request For Order On The Court Clerk On Local Rule 230," which requests that the court not vacate Docket Numbers 18, 19, 20, and 23 on the ground that, as an incarcerated individual, he is entitled to an exemption from noticing motions under Local Rule 230(l). (Dkt. No. 69.)  Mr. Gibson has since refiled the previously vacated motions and this case is now proceeding under Local Rule 230(l).  Accordingly, the undersigned DENIES as moot Mr. Gibson's Request For Order On The Court Clerk On Local Rule 230.  (Dkt. No. 69.)

IV.   Amended Motion to Strike Plaintiff's Motion Filed February 4, 2012 For Failure To Timely Serve Claimant.

On February 13, 2012, Mr. Gibson filed a motion to "strike any and all Documents filed on February 4, 2012, but the Plaintiff (Government)," which include the government's Motion for Summary Judgment (Dkt. No. 77) and Motion to Stay (Dkt. No. 78). (Dkt. No. 83.)  Mr. Gibson claims he did not receive the government's motions on or before February 7, 2012, and thus asserts the government's motions should be stricken.  The government filed a Certificate of Service by Mail on February 6, 2012, which certifies that the government did

indeed mail a copy of the motions in question in a postage paid envelope to Mr. Gibson at his Salinas Valley State Prison address. (Dkt. No. 79.) The Federal Rules of Civil Procedure allows service by mail to a person's last known address, and such service is deemed complete upon mailing. Fed. R. Civ. Proc. 5(b)(2)(C). Mr. Gibson provides no reason for this court to think the government's certification is false. On February 8, 2012, Mr. Gibson requested a copy of the docket in his case and thus would have known immediately to request a copy of any motions that had been filed if he had not received them. (Dkt. No. 82.) Furthermore, Mr. Gibson has timely responded to both of the motions in question, so it appears he must have received them. Accordingly, the undersigned DENIES Mr. Gibson's "Amended Motion to Strike Plaintiff's Motion Filed February 4, 2012 For Failure To Timely Serve Claimant." (Dkt. No. 83.)

V.   Other Premature Motions

Also pending before the court are the following four motions filed by Mr. Gibson: (1) Motion to Enjoin Third Party Counterclaim; (2) Motion to Suppress; (3) Request for an Accounting Disclosure of Seized (Red) Funds; and (4) Motion for "Enjusdem Generis" Interest of 25% APR Pursuant to 5th Amendment Just Compensation Clause. (Dkt. Nos. 68, 75, 87, and 91.) In the interest of judicial efficiency, the undersigned hereby STAYS the motions in Docket Numbers 68, 75, 87, and 91, pending the resolution of the government's Motion for Summary Judgment.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Mr. Gibson's motion for relief from default (Dkt. No. 64) is denied.
2. Mr. Gibson's motions to dismiss (Dkt. Nos. 67, 76) are denied without prejudice.
3. Mr. Gibson's Request For Order On The Court Clerk On Local Rule 230 (Dkt. No. 69) is denied.
4. Mr. Gibson's Amended Motion to Strike Plaintiff's Motion Filed February 4, 2012 For Failure To Timely Serve Claimant (Dkt. No. 83) is denied.

5. Mr. Gibson's Motion to Enjoin Third Party Counterclaim (Dkt. No. 68), Motion to Suppress (Dkt. No. 75), Request for an Accounting Disclosure of Seized (Red) Funds (Dkt. No. 87), and Motion for "Enjusdem Generis" Interest of 25% APR Pursuant to 5th Amendment Just Compensation Clause (Dkt. No. 91) are stayed pending the resolution of the government's Motion for Summary Judgment (Dkt. No. 77).

IT IS SO ORDERED.

DATED: June 22, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE