IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                    No. 2:11-cv-00967 MCE KJN PS

    v.

APPROXIMATELY $658,830.00 IN
U.S. CURRENCY,

        Defendant.               <u>ORDER</u>

        /

On August 6, 2012, the magistrate judge filed findings and recommendations (ECF No. 101) which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed and served within fourteen (14) days of service with the findings and recommendations, and that any response to the objections were to be filed and served within fourteen (14) days after service of the objections. Claimant Robert Gibson submitted numerous filings in response to the findings and recommendations, including two sets of objections (ECF Nos. 104, 105), and the United States filed a response to the filings (ECF No. 107).

///

///

1

This court reviews *de novo* those portions of the proposed findings of fact to which objection has been made.  28 U.S.C. § 636(b)(1); <u>McDonnell Douglas Corp. v. Commodore Bus. Machines</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert</u>. <u>denied</u>, 455 U.S. 920 (1982).  As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the matter on the applicable law.  <u>See</u> <u>Orand v. United States</u>, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed *de novo*.  <u>See</u> <u>Britt v. Simi Valley Unified Sch. Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file, including the objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.  To the extent that Claimant Robert Gibson requests "reconsideration" of his late-filed opposition to the United States's motion for summary judgment (ECF No. 104), that request is without merit.  As the magistrate judge noted in the findings and recommendations:

> Mr. Gibson filed three materially deficient briefs in opposition to the government's motion to strike ([ECF] Nos. 86, 88, 95), all of which failed to comply with Local Rule 260(b)'s requirement that his opposition include an itemized Statement of Disputed Facts with Mr. Gibson's admission or denial of each fact and citation to evidence in support of any such denials.  <u>See</u> E. Dist. Local Rule 260(b).  On May 24, 2012, after Mr. Gibson filed the first two nonconforming opposition briefs, this court *sua sponte* filed an order that informed Mr. Gibson of the requirements of Local Rule 260(b) and granted him leave to file a conforming brief.  ([ECF] No. 92.)  On June 18, 2002, Mr. Gibson filed his third nonconforming opposition brief.  ([ECF] No. 95.)  On June 22, 2012, this court granted Mr. Gibson's request for additional time, until July 10, 2012, to file a revised brief and reminded Mr. Gibson again of Local Rule 260(b)'s requirements, along with a repeated warning that "[f]ailure to comply with this order may result in the court taking the government's evidence as the truth and entering summary judgment for the government, which will strike Mr. Gibson's claim and terminate completely his involvement in this civil forfeiture action." ([ECF] No. 97.)  The extended deadline for Mr. Gibson to file a revised opposition brief passed, and Mr. Gibson failed to file a brief that complies with Local Rule 260(b).  Accordingly, the undersigned accepts the government's evidence as the truth.

(ECF No. 101 at 2 n.2.) Based on the foregoing, the Court finds that Mr. Gibson was provided with copious warnings and opportunities to file a compliant opposition and failed to do so. As such, the Court declines to consider Mr. Gibson's Fourth Amended Opposition, filed several weeks late on August 6, 2012. (ECF No. 102.)

Accordingly, IT IS HEREBY ORDERED that:

1. Claimant Robert D. Gibson's "request for reconsideration of late filed opposition to motion for summary judgment" (ECF No. 104) is DENIED;

2. The findings and recommendations (ECF No. 101) are ADOPTED IN FULL;

3. The United States's motion to strike Mr. Gibson's claim and answer for failing to comply with Supplemental Rules G(5) and G(6), or alternatively, for summary judgment (ECF No. 77) is GRANTED;

4. This court having granted summary judgment to the United States and stricken Mr. Gibson's claim against the defendant property, the following motions by Mr. Gibson are DISMISSED AS MOOT: Motion to Strike Plaintiff's Complaint (ECF No. 65); Motion to Enjoin Third-Party Counterclaim (ECF No. 68); Motion to Suppress (ECF No. 75); Motion for an Accounting Disclosure of Seized Funds (ECF No. 87); Motion for "Ejusdem Generis" Interest of 25% APR (ECF No. 91); Motion for Clarification (ECF No. 100); Request that the Government's "Statement of Undisputed Facts" be disqualified (ECF No. 103); and Request for Hearing (ECF No. 106).

Dated: September 24, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE